**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Alphonso Haynesworth, ) | C/A No. 2:16-CV-03623-CMC-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Mental Health ) | |
| (SCVTP), Kimberly Poholchuk, Cynthia Helff, ) | |
| Holly Scaturo, and Versie Bellamy, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, *pro se*, brings this action against the South Carolina Department of Mental Health ("DMH") and several of DMH's employees. The Plaintiff is currently in the custody of the DMH pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code §§ 44-48-10 through 170 ("SVPA"). This matter is before the court on Defendants' Motion for Summary Judgment. (Dkt. No. 35.) This matter is referred to the undersigned United States Magistrate Judge for consideration. For the reasons stated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (Dkt. No. 35) be granted.

The Plaintiff brought this action on July 25, 2016, in the Court of Common Pleas for Richland County. (Dkt. No. 1-1.) The Defendants removed this case to federal court on November 14, 2016, (Dkt. No. 1.) The Plaintiff has vigorously pursued discovery in this case and has filed several motions to compel (Dkt. Nos. 18, 22, 53), which have been ruled on by the court. (Dkt. Nos. 49, 54, 77, 91, 99.) The Defendants filed Defendants' Motion for Summary Judgment on April 4, 2017. (Dkt. No. 35.) On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the

1

possible consequences if he failed to adequately respond to the motion. (Dkt. No. 37.) The Plaintiff responded to the Defendants' Motion in several filings on April 27, 2017; May 4, 2017; and May 12, 2017. (Dkt. Nos. 40, 42, 45.) The DMH filed a reply brief on May 4, 2017. (Dkt. No. 43.)

**Factual Background**

The Plaintiff is civilly committed under the SVPA and housed at the Broad River Correctional Institute pursuant to a contract between DMH and the South Carolina Department of Corrections ("SCDC"). (Dkt. Nos. 1-1, 35-1 at 1.) The Plaintiff alleges that on or about February 26, 2016, Plaintiff reported to his job within the SVPA program in the clothing room of the Edisto Unit. (Dkt. No. 1-1 at 9.) While there, two other residents came into the clothing room, one of whom assaulted Plaintiff. (*Id.*) The resident who assaulted Plaintiff was on temporary room restriction ("TRR"), which Plaintiff contends required constant monitoring of the individual by DMH staff and for the individual to be confined to his room. (*Id.*) Plaintiff alleges DMH staff did not properly monitor the individual, which allowed the resident to leave his room and attack the Plaintiff. (*Id.* at 10-12.) The Plaintiff contends this failure on the staff's part was a result of their deliberate indifference. (*Id.*)

Plaintiff further contends he was punished by Defendants Poholchuck and Huff as he was referred to the Behavioral Management Committee ("BMC") for this incident. (*Id.* at 9-10.) The Plaintiff alleges that Defendants Poholchuck and Huff, through their positions on the BMC, accused Plaintiff for working in the clothing room when he was supposed to be on leave, blamed him for the attack, blamed him for allowing other residents into the clothing room when they are not permitted to do so, and claimed that he failed to report the residents or the attack to staff.

(*Id.* at 10-2.) The Plaintiff alleges that Defendants Scaturo and Bellamy upheld the decision by the BMC. (*Id.* at 9.)

The Plaintiff also claims that the named defendants covered up the DMH staff's negligence by failing to properly monitor the assailant while he was on TRR, and that then each Defendant falsified incident reports regarding the matter. (*Id.* at 10-12.) Additionally, Plaintiff claims he was suspended from his job assignment as a result of this incident. (*Id.* at 12.) Finally, Plaintiff states the responses to his grievance appeal further show that he was blamed for the incident. (*Id.* at 11.)

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

The Complaint is organized into various "causes of action," but many cite multiple statutes from the United States Code and from the South Carolina Code. (Dkt. No. 1-1.) Some of these causes of action are not clear as to what action the Plaintiff is attempting to bring.

3

Broadly construing the Complaint (Dkt. No. 1-1), the Plaintiff brings the following causes of action against all of the Defendants:

1. Federal Claims
    a. 42 U.S.C. § 1983 claims
        i. Cruel and Unusual punishment in violation of the Eighth Amendment
        ii. Equal Protection and Due Process in violation of the Fourteenth Amendment
    b. 42 U.S.C. § 1985 conspiracy claim
    c. 42 U.S.C. § 1986
2. State Law Claims
    a. Gross Negligence
    b. Civil conspiracy
    c. Defamation
    d. Breach of bond required to be posted by public officials

**1. Federal Claims**

Before addressing the substance of the Plaintiff's federal claims, the court concludes that the DMH cannot be liable under §§ 1983, 1985, or 1986. DMH is a state agency. Therefore they are not a "person" that may be liable under §§ 1983, 1985, or 1986. *Coffin v. S.C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 586 (D.S.C. 1983) (dismissing plaintiff's claims against South Carolina Department of Social Services ("DSS") and its board because "neither DSS nor the Board of DSS is a 'person' within the meaning of 42 U.S.C. §§ 1983, 1985 and 1986."). *see also Spellman v. City of Columbia Police Dep't*, No. 9:12-cv-2376-TMC-BM, 2012 WL 5409626, at *2 (D.S.C. Sept. 28, 2012) *report and recommendation adopted*, C/A No. 9:12-2376-TMC, 2012 WL 5408023 (D.S.C. Nov. 6, 2012) (holding "The City of Columbia Police Department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit."). Therefore, the undersigned recommends that the Defendants' Motion be granted as to any federal claims against DMH.

**a. 42 U.S.C. § 1983 Claims**

4

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

The Plaintiff's claims are not specific as to what claims are brought against which Defendants. At the outset, the court notes that it is well settled that negligence is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct….").

### i. Eighth Amendment Claim

As an initial matter, courts in this district have held that individuals civilly committed under the SVPA have a custody status similar to that of a pretrial detainee. *McClam v. Sparks*, No. 3:08-cv-2025-TLW-JRM, 2008 WL 3070913, at *2 (D.S.C. Aug. 1, 2008); *Valbert v. S.C. Dep't of Mental Health*, No. 9:12-CV-01973-RBH, 2013 WL 4500455, at *9 (D.S.C. Aug. 20, 2013*), aff'd*, 549 F. App'x 179 (4th Cir. 2013); *Haggwood v. Magill*, No. CV 5:15-3271-RMG, 2016 WL 4149986, at *2 (D.S.C. Aug. 3, 2016). Conditions of confinement cases, which include claims for failure to protect a confined person, for pretrial detainees are analyzed under the Fourteenth Amendment, not the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979); *see also Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015)

5

(noting that the "The language of the [Eighth Amendment and Fourteenth Amendment] differs, and the nature of the claims often differs."). The Plaintiff has failed to state a claim under the Eighth Amendment because the record in uncontroverted that the Plaintiff is civilly committed under the SVPA. The undersigned recommends that the Defendants' Motion be granted as to the Plaintiff's §1983 claims for violations of the Eighth Amendment. The undersigned will address the Plaintiff's failure to protect claims in the analysis of claims under the Fourteenth Amendment *infra*.

### ii. Fourteenth Amendment Claims

The Plaintiff brings § 1983 claims alleging violation of his Fourteenth Amendment rights to Due Process in his proceedings before the BMC and failing to protect him from the resident who attacked him and for violating his right to Equal Protection. "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Matherly v. Andrews*, 859 F.3d 264, 274 (4th Cir.), *cert. denied*, 138 S. Ct. 399, 199 L. Ed. 2d 294 (2017)) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)).

"In determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance 'the liberty of the individual' and 'the demands of an organized society.'" *Youngberg*, 457 U.S. at 320 (quoting *Poe v. Ullman*, 367 U.S. 497, 542 (1961) (Harlan, J., dissenting)). *Youngberg* sets forth the test for determining whether an involuntarily committed individual has been deprived of substantive due process rights. *Id.* The *Youngberg* Court explained that a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a *substantial departure* from accepted professional judgment, practice, or standards as to demonstrate that the

person responsible actually did not base the decision on such a judgment." *Id*. at 323 (citations omitted) (emphasis added). Moreover, the Fourth Circuit has stated that "liability under the due process clause cannot be imposed for mere negligence, a principle reflected in the professional judgment standard's requirement of a substantial departure from accepted professional judgment." *Patten v. Nichols*, 274 F.3d 829, 842 (4th Cir. 2001).

No genuine issue of material fact exists as to the Defendants' liability regarding the Plaintiff's appearance before the BMC. The BMC is appointed by the director of the SVPA and is comprised of at least four staff members from at least three different disciplines within the program. (Dkt. No. 35-10 at 7.) The BMC reviews any violent, sexual, or otherwise inappropriate behavior. (Dkt. No. 35-2 ¶ 11.) The BMC conducts hearings on each incident, and residents before the committee are free to appear and present their versions of events. (*Id.*) Residents do not have to attend their hearing or answer any questions. (*Id.*)

The Plaintiff appeared before the BMC on March 2, 2016, following the altercation in the clothing room on February 26, 2016. (Dkt. No. 35-7 at 5.) Defendants Helff and Poholchuk were on the Plaintiff's BMC. The Plaintiff alleges that his appearance before the BMC was "punishment." (Dkt. No. 1-1 at 9.) The Plaintiff alleges that Defendants Helff and Poholchuk held the Plaintiff "liable" for the duties of DMH staff. (*Id.*) The Plaintiff alleges that Defendants Helff and Poholchuk are liable because they concluded that he did not report that other residents had entered the clothing room and did not report the attack as required. (Dkt. No. 1-1 at 9-10.) The Plaintiff alleges that DMH staff was responsible for protecting the Plaintiff from attack and that their "negligence" led to his injuries. (*Id.*) The BMC did not "officially infract" the Plaintiff. (Dkt. No. 35-6.) As a result of the assault taking place in the clothing room, the room was closed in the Edisto wing and consolidated with the Congaree wing. (*Id.*)

7

The Plaintiff appealed the decision to refer him to the BMC, which had not sanctioned him, on a grievance form. (Dkt. No. 35-7 at 5.) The grievance was denied by Defendants Scaturo, the program director. (Dkt. No. 35-7 at 4.) The Plaintiff appealed the denial by Defendant Scaturo. (Dkt. No. 35-7 at 2.) The Plaintiff alleged that he was "suspended" from his job. (*Id.*) The Plaintiff's appeal was again denied by Defendant Bellamy. (Dkt. No. 35-7 at 1.)

The Plaintiff has not put forth any evidence that Defendants Helff, Scaturo, Poholchuk, or Bellamy's actions were a *substantial departure* from professional standards. The Plaintiff was referred to the BMC after being in a fight in his restricted work area. At the time of the incident, the Plaintiff was on a two week break from his job and not allowed to be in his work area. (Dkt. No. 35-2 at 4.) The BMC did not sanction the Plaintiff in any way. (Dkt. No. 35-6.) To the extent that the Plaintiff argues that he was "suspended" from his job in the clothing room, his job was eliminated for security reasons. The Plaintiff has not shown that eliminating the position was a *substantial departure* from professional standards. There is no evidence that Defendants Scaturo and Bellamy substantially departed from professional standards in their review of the Plaintiff's BMC proceeding. Many of the Plaintiff's arguments are that these Defendants were negligent. As stated *supra*, negligence is not actionable under § 1983.

No genuine issue of material fact exists as to the Defendants' liability regarding the Defendants' alleged failure to protect the Plaintiff under the Due Process clause. The Plaintiff argues that the Defendants are liable for failing to protect him from attack because the resident that attacked him was under a TRR. (Dkt. No. 1-1 at 9-10; 35-10 at 3.) The United States Supreme Court has emphasized that "[l]iability under § 1983 ... requires personal involvement." *Iqbal*, 556 U.S. at 676. The Plaintiff has not produced any evidence Defendants Helff, Scaturo, Poholchuk, or Bellamy had any personal involvement in his attack or that they were personally

8

responsible for monitoring the resident that attacked the Plaintiff. The Plaintiff repeatedly alleges that DMH "staff" failed to protect him. He has not alleged or shown that any of the named Defendants failed to protect him. (Dkt. No. 1-1 at 9-10.)

The Plaintiff argues that Defendants Scaturo and Bellamy are liable for failing to supervise the DMH staff whose failure to protect him resulted in his attack. (Dkt. No. 1-1 at 10-12, 15.) The doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).

In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Id*. (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." *Id*. at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an

9

independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." *Id.* (citations omitted).

The Plaintiff has not presented any evidence to show that Defendants Scaturo and Bellamy were deliberately indifferent or tacitly authorized his attack. The Plaintiff has only cited a single incident which is not sufficient to establish supervisory liability under § 1983. The Complaint explicitly states that Defendants Scaturo and Bellamy are liable for a "constitutional claim" "through their agents, servants, and employees." (Dkt. No. 1-1 at 15.) The Complaint alleges in another cause of action under § 1983 the "each defendant [is a] supervisory official" and "owed a duty of care to Plaintiff." The Plaintiff's statements of law concerning supervisory liability under §1983 are wrong. The Plaintiff has failed to present any evidence to support a supervisory liability claim against any of the Defendants under federal law.

As to the Plaintiff's claim under the Equal Protection Clause, the Plaintiff has failed to state a claim. The Equal Protection Clause provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. This provision does not mandate identical treatment for each individual; rather, it requires that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). "To show that his equal protection right was violated, Plaintiff must demonstrate that he was treated differently from similarly situated inmates and the discrimination was intentional or purposeful." *Deleston v. Rivera*, No. 6:11-2968-DCN-KFM, 2011 WL 7040906, at *6 (D.S.C. Dec. 27, 2011), *report and recommendation adopted sub nom. Delston v. Rivera*, No. CA 6:11-2968 DCN, 2012 WL 135416 (D.S.C. Jan. 17, 2012), *aff'd sub nom. Deleston v. Rivera*, 474 F. App'x 118 (4th Cir. 2012) (citing *Williams v. Hansen,* 326 F.3d 569 (4th Cir.2003)).

The Plaintiff has failed to produce any evidence that he was treated any differently than other individuals committed under the SVPA. The Plaintiff has not alleged or provided any evidence of how he was treated differently or how any other similarly situated individuals were treated. Therefore, the undersigned recommends that the Defendants' Motion be granted as to the Plaintiff's claims under §1983 that the Defendants violated the Plaintiff's constitutional rights.

### b.  42 U.S.C. § 1985 Conspiracy

The Fourth Circuit has put forth a "relatively stringent standard for establishing section 1985 conspiracies." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995). To state a claim under § 1985(3), a Plaintiff must allege,

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Id*.at 1376 (citations omitted). Additionally, the Plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Id*. at 1377.

The Plaintiff alleges the following regarding a conspiracy:

> Each Defendant…administrated conspiracy through their DMH of [illegible word appearing to be "suptp"]administration to cover up the irresponsible acts of employees that created deliberate indifference, with culpable state of mind grossly conspired to hide, avoid, abolish, alter, amend, and unjustifiably rectify the misapprehensions of plaintiffs illegal entrapment to be a victim injured in the process that did not provoke the assault to happen to himself and suspended from that particular job for doing no more than what he where [sic] order and ask to work as 2/26/16 following 3/2/16.

(Dkt. No. 1-1 at 10.) The Plaintiff alleges that each of the Defendants "falsified incident reports" and "gave perjured testimonies" to protect themselves from liability. *Id.*

11

The Plaintiff has not met the "relatively stringent standard" for establishing a conspiracy under § 1985. The Plaintiff has not produced any evidence that to support his allegations that any Defendants falsified incident reports or committed perjury. The Plaintiff did not produce any evidence that the Defendants were "motivated by a specific class-based, invidiously discriminatory animus." The Plaintiff has not shown evidence of any injury resulting from a conspiracy. The Plaintiff has failed to produce sufficient evidence of a § 1985 conspiracy to survive summary judgment.

### c. 42 U.S.C. § 1986

Section § 1986 imparts liability on individuals with knowledge of a conspiracy under § 1985, who have the power to stop the wrong, but neglect or refuse to stop the wrong. 42 U.S.C. § 1986. A claim under § 1986 is only viable where a proper § 1985 claim exists. *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984); *Wilkins v. Good*, No. 4:98-cv-233, 1999 WL 33320960, at *18 (W.D.N.C. July 29, 1999); *Roberts v. Bodison*, No. 2:14-cv-750-MGL-MGB at *13-14 (D.S.C. November 20, 2015) report and recommendation adopted, No. 2:14-cv-750-MGL 2015 WL 9581756 (D.S.C. Dec. 30, 2015). This court has recommended that no proper §1985 claim exists. Therefore, this court recommends that the Defendants' Motion be granted as to the Plaintiffs' claims brought under § 1986.

### d. Qualified Immunity

The Defendants argue that they are entitled to qualified immunity. "Qualified immunity shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity protects officers from liability for "bad guesses in gray areas"

12

and bases liability on the violation of bright-line rules. *Id.* (quoting *Braun v. Maynard*, 652 F.3d 557, 560 (4th Cir. 2011)). To determine whether a defendant is entitled to qualified immunity, the court must examine whether the defendant violated the Plaintiff's constitutional or statutory rights and, if so, whether the Defendant's "conduct was objectively reasonable in view of the clearly established law at the time of the alleged event." *Id.* When viewing the facts in the light most favorable to the Plaintiff, the Defendants did not violate any of the Plaintiff's constitutional or statutory rights. Therefore, the Defendants are entitled to qualified immunity on the Plaintiff's federal claims as well.

### 2. State Law Claims

The South Carolina Tort Claims Act ("the Act"), § 15-78-10 *et seq.,* is the exclusive remedy for any tort committed by an employee of a governmental entity. "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except…if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70. The Act "governs all tort claims against governmental entities." *Hawkins v. City of Greenville*, 358 S.C. 280, 292, 594 S.E.2d 557, 563 (Ct. App. 2004) (citing *Flateau v. Harrelson,* 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct.App.2003)). All governmental entities may be held liable for their torts as a private individual would be liable subject to the limitations and exemptions of the Act. *Id.* (citing S.C. Code Ann. § 15-78-40 (Supp. 2003)). S.C. Code Ann. § 15-78-30(d) defines "governmental entity" as "the State and its political subdivisions." The limitations and exemptions in the Act must be liberally construed in order to limit the liability of the State. *Id.*

### a. Gross Negligence

Under the Act, the Plaintiff's claim for gross negligence may only be brought against DMH. The Plaintiff's claim for gross negligence is not clear as to what duty the Plaintiff alleges was breached by DMH. Liberally construing the Complaint, the Plaintiff alleges that DMH, through its employees, was grossly negligent for failing to monitor the resident that attacked the Plaintiff. (Dkt. No. 1-1 at 10.) The Supreme Court of South Carolina has defined gross negligence as "the failure to exercise slight care." and as "the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 336 S.C. 373, 395, 520 S.E.2d 142, 153 (1999) (quotations and citations omitted).

At the time the Plaintiff was attacked, the resident that attacked him was not required to be in his room. (Dkt. No. 35-2 at ¶¶ 7, 9.) The Plaintiff has failed to present any evidence to support that any DMH employee or any of the named Defendants intentionally and consciously failed to monitor the resident that attacked the Plaintiff. The Plaintiff has failed to present any evidence that DMH was grossly negligent in its monitoring of the resident that attacked the Plaintiff. This court recommends that the Defendants' Motion be granted as to the Plaintiff's gross negligence claim.

### b. Civil Conspiracy

Under South Carolina law, "[t]he tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. *Hackworth v. Greywood at Hammett*, LLC, 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009). ""[I]n order to establish a conspiracy, evidence, direct or circumstantial, must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise." *Pye v. Estate of Fox*,

14

369 S.C. 555, 567, 633 S.E.2d 505, 511 (2006) (quoting *Island Car Wash, Inc. v. Norris*, 292 S.C. 595, 601, 358 S.E.2d 150, 153 (Ct.App.1987)). "The gravamen of the tort of civil conspiracy is the damage resulting to the plaintiff from an overt act done pursuant to the combination, not the agreement or combination per se." *Id.*, at 567-68. "If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed." *Hackworth*, 385 S.C. at 117.

As noted *supra*, the Plaintiff made jumbled allegations of a conspiracy. The Plaintiff has not provided any evidence that a conspiracy actually existed outside his own unsupported allegations that the Defendants conspired against him. The Plaintiff has not provided evidence of any overt acts taken in furtherance of a conspiracy or that he suffered any injury because he was not sanctioned by the BMC. This court recommends that the Defendants' Motion be granted as to the Plaintiff's conspiracy claim.

### c. Defamation

The Plaintiff argues that the Defendants are liable for defamation by "misrepresenting facts" and for charging the Plaintiff "for being a victim of assault degrading gross negligence." (Dkt. No. 1-1 at 17.) Under South Carolina law, a plaintiff must show the following elements to prove a defamation claim:

(1) a false and defamatory statement was made;

(2) the unprivileged publication was made to a third party;

(3) the publisher was at fault; and

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006). Defamation *per se* occurs when the meaning or message of the statement is obvious on its face. *Id.* "Each act of defamation is a separate tort that, in most instances, a plaintiff must specifically allege." *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, No. 97-2397, 1999 WL 89125, 172 F.3d 862 (Table)(4th Cir. 1999) (citing *Caudle v. Thomason,* 942 F.Supp. 635, 638 (D.D.C.1996) ("in order to plead defamation, a plaintiff should allege specific defamatory comments [including] 'the time, place, content, speaker, and listener of the alleged defamatory matter.'"))

The Plaintiff has not put forth any evidence to support his claim for defamation. The Plaintiff has not provided what defamatory statements were made. The Plaintiff has not provided the third party to whom the statements were published. The Plaintiff has failed to show any evidence of damages he sustained as a result of the defamatory statements. This court recommends that the Defendants' Motion be granted as to the Plaintiff's defamation claim.

### d. Breach of Bond

The Plaintiff alleges that the Defendants have violated "Code 1962 § 50-76." (Dkt. No. 1-1 at 18.) The code section cited to by the Plaintiff is now codified as S.C. Code § 8-3-220, which states, "The bond of any public officer in this State may at all times be sued on by the public, any corporation or private person aggrieved by any misconduct of any such public officer." This code section does not provide an independent cause of action, but merely states that a bond posted by a public officer may be "sued on" for any misconduct. This section cannot be read as an independent cause of action outside of the Act. *See Flateau v. Harrelson*, 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct. App. 2003) (The Act "governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or

16

its employees."). Therefore, to the extent the Plaintiff is attempting to bring a cause of action for misconduct of public employees under S.C. Code § 8-3-220, his claim fails.

## **CONCLUSION**

Wherefore, it is **RECOMMENDED** that the Defendants' Motion for Summary Judgment (Dkt. No. 35) be **GRANTED**.

IT IS SO RECOMMENDED.

January 31, 2018

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).