IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alphonso Haynesworth, <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Department of Mental Health (SCVTP), Kimberly Poholchuk, Cynthia Helff, Holly Scaturo, and Versie Bellamy, <br><br> Defendants. | C/A No. 2:16-3623-CMC <br><br><br> **OPINION AND ORDER** |

Alphonso Haynesworth ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against South Carolina Department of Mental Health (SCVTP)[1], Kimberly Poholchuk, Cynthia Helff, Holly Scaturo, and Versie Bellamy (collectively "Defendants") claiming violation of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] ECF No. 1-1. This matter is before the court on Defendants' motion for summary judgment. ECF No. 35. Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and the need to file an adequate response. ECF No. 37. On April 27, 2017, Plaintiff filed a response in opposition to the motion for summary judgment. ECF No. 40. On May 4, 2017, Plaintiff filed a

---

[1] Plaintiff is civilly committed to the Department of Mental Health's Sexually Violent Predator Treatment Program ("SCVTP").

[2] Plaintiff originally filed the case in the Court of Common Pleas for Richland County, but Defendants removed to this court.

supplemental response.[3] ECF No. 42. Defendants filed a reply. ECF No. 43. Thereafter, Plaintiff filed a sur-reply. ECF No. 45. On January 26, 2018, Defendants filed additional attachments to their motion for summary judgment. ECF No. 106.

On January 31, 2018, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motion for summary judgment be granted. ECF No. 107. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On February 16, 2018, Plaintiff filed objections to the Report. ECF No. 109. Defendants filed a reply on March 2, 2018. ECF No. 111. On March 13, 2018, Plaintiff filed "objections to reply." ECF No. 115. This matter is ripe for the court's review.

**I.     Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely

---

[3] Plaintiff filed several other motions while the summary judgment motion was pending. *See* ECF Nos. 53, 59, 66. The Magistrate Judge entered orders resolving these motions. *See* ECF Nos. 75 (denying ECF No. 59), 76 (denying ECF No. 66), and 77 (denying in part and granting in part ECF No. 53).

filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II. Discussion**

Plaintiff asserts several objections to the Report. First, Plaintiff objects because the Report mentions a defendant "Huff" although Plaintiff did not name a defendant Huff. Plaintiff's second objection argues Defendants did not produce any evidence showing he violated the policies or rules by being in the clothing room at the correctional institution when he was attacked by another resident, and therefore he should not have been referred to the Behavioral Management Committee ("BMC").[4] ECF No. 109 at 2. Third, Plaintiff argues a defendant can be held liable under § 1983 for acts of others, and he has produced evidence the named Defendants had personal bias towards him and failed to abide by rules and regulations governing Plaintiff's safety. Fourth, Plaintiff objects to the recommendation of dismissal of his §§ 1985 and 1986 conspiracy claims, noting "Defendants have the power to stop the wrong but neglect or refuse to stop the wrong," specifically referring to Defendants Scaturo and Bellamy, who he alleges had the power to take "corrective action" but failed to do so. *Id.* at 4. Plaintiff then objects to the qualified immunity determination. *Id.* at 5. Sixth, Defendant claims the Eighth Amendment right to be free from cruel and unusual punishment applies, and Defendants violated his Eighth and Fourteenth Amendment rights. *Id.* at 6-7. Finally, Plaintiff asserts he should have had an opportunity to respond to new attachments in support of summary judgment filed by Defendants on January 26, 2018 (ECF No. 106). Instead, he argues, the Report was issued five

---

[4] Plaintiff appears to argue the mere referral to the BMC was defamatory. *Id.* at 3.

3

days later. *Id.* at 7. Plaintiff also disagrees his Complaint supports federal question jurisdiction, and argues this court lacks subject matter jurisdiction and the case should be remanded. *Id.* at 8.

*a. Referral to the BMC*

Plaintiff argues he was never provided a DMH policy or procedure relating to his referral to the BMC in discovery, and it is a "very false defamatory statement to be infract [sic] or charge with a rule violation that doesn't assist [sic]." ECF No. 109 at 3. While the referral did not result in formal sanctions, he appears to argue the mere referral violated his rights.

The evidence submitted by Defendants shows Plaintiff was referred to the BMC for working during his lay-off period, and failing to report the entry of another into his work area. ECF Nos. 35-6, 35-7. Plaintiff was made aware at the outset of his job assignment no others were allowed in the clothing room without permission, and violation would result in termination. ECF No. 35-9. The memorandum accompanying the BMC decision clearly lays out the reasons for the referral and that Plaintiff received no sanction as a result. ECF No. 35-6.

It is unclear to the court whether Plaintiff is alleging a Procedural Due Process violation regarding his referral to the BMC, or a Substantive Due Process violation regarding the failure to keep him safe from the attack. To the extent Plaintiff alleges Defendants Poholchuck and Helff[5] deprived Plaintiff of his Procedural Due Process rights by referring him to the BMC, the court finds Plaintiff's Due Process rights were not violated. Following an altercation, Plaintiff was

---

[5] Plaintiff also objects to the Report's references to a defendant named Huff, which Plaintiff notes appears twice in the Report, despite Plaintiff not suing anyone named Huff. Plaintiff argues this shows the Report contained errors. ECF No. 109. The court disagrees. Upon reviewing Plaintiff's handwritten Complaint, it is apparent in several places Defendant Helff's name looks like "Huff," and the Magistrate Judge could simply have misread Plaintiff's handwriting. ECF No. 1-1 at 9. This does not mean there is a substantive error in the Report. This objection is overruled.

4

charged with violating the rules of his job by working during his lay-off period and failing to report others in the clothing room without permission. ECF No. 35-9. Defendants have shown the BMC reviews any violent, sexual, or otherwise inappropriate behavior, a hearing is held for each incident, and the resident is given an opportunity to speak, provide a written statement, and call witnesses. ECF No. 35-2. Plaintiff received no sanction following the BMC hearing. Plaintiff has failed to allege how his Procedural Due Process rights were violated by the BMC referral.

To the extent Plaintiff alleges a Substantive Due Process violation regarding his confinement conditions of reasonable care and safety, this court agrees with the Magistrate Judge Plaintiff failed to put forth evidence that Defendants Helff, Scaturo, Poholchuk, or Bellamy's actions in participating in the BMC or reviewing the BMC decision were a substantial departure from professional standards. *See Youngberg v. Romeo*, 457 U.S. 307 (1982). This objection is overruled.

      b. *§ 1983 Liability*

Plaintiff next argues Defendants were biased against him and failed to follow DMH rules and policies to keep him safe from attack. In support of this objection, Plaintiff refers to a Sexual Behavior Precautions rule requiring that a resident only be on recreation yard with active staff monitoring, and progress notes regarding the attack. *See* ECF No. 109-1 at 11-12, 14.

It is undisputed Plaintiff was attacked by a resident. However, as recognized by the Magistrate Judge, he has not alleged any of the Defendants had direct responsibility for the resident who attacked Plaintiff, and has failed to name those employees who did have responsibility. Although Plaintiff argues a person can be subject to § 1983 liability for the acts of others, the Magistrate Judge properly analyzed this claim under the supervisory indifference

5

framework and concluded Plaintiff failed to meet his burden. This court agrees, and this objection is overruled.

### c. *§1985 and §1986 Conspiracy Claims*

Plaintiff objects to the recommendation the § 1985 and § 1986 claims be dismissed, as he asserts Defendants had the power to stop "the wrong but neglect or refuse to stop the wrong." ECF No. 109 at 4. He argues Defendants Scaturo and Bellamy had the "power to stop the unproper [*sic*] procedure" and could have taken "corrective actions in the grievance and appeal process," but instead abused their authority to join Defendants Helff and Polochuck in their discrimination and deprivation of "equal due process right." *Id.* at 5.

Plaintiff has failed to support his claim of a § 1985 conspiracy. As the Magistrate Judge noted, he has produced no evidence of falsified incident reports or perjured testimony, which he alleged. Plaintiff argues there was an improper procedure, but does not specify to which facts he is referring or what his injury was (referral to the BMC, failure of supervision, his actual physical injuries from being attacked, etc.). The court is simply unable to discern the elements of the conspiracy in Plaintiff's submissions. Without a cognizable § 1985 claim, there is no § 1986 cause of action. Therefore, this objection is overruled and both of these claims are properly dismissed.

### d. *Qualified Immunity*

Plaintiff objects to the Magistrate Judge's qualified immunity analysis, arguing the court "must canvas there [*sic*] attention on these elements of facts (pg 7) or the R&R Defendants claim the clothing room was closed see Exhibit A-3." *Id.* at 5. Exhibit A-3, submitted by Plaintiff with his objections, is a notice to residents the Edisto Clothing Room was open Wednesday mornings from 9am to 2pm. This information does not help Plaintiff overcome the

6

qualified immunity analysis of the Magistrate Judge, with which this court agrees. This objection is overruled.

### e. Eighth Amendment

Plaintiff also asserts the Eighth Amendment applies to his claims, arguing he is a civilly detained person and not a criminal inmate. The Report explained Plaintiff's constitutional claims are properly analyzed under the Fourteenth Amendment, not under the Eighth, due to his status as a civil detainee. The Report did not conclude Plaintiff has no constitutional rights to enforce due to his status in the SVPTP. The Report properly analyzed Plaintiff's constitutional claims under the Fourteenth Amendment, which is more protective than the Eighth in conditions of confinement cases. *See Matherly v. Andrews*, 859 F.3d 264, 274 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982)) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

### f. New Information submitted by Defendants

Plaintiff objects to the issuance of the Report five days after new information was received from Defendants, without Plaintiff having an opportunity to respond. *See* ECF No. 109 (replacement summary judgment memorandum, filed Jan. 26, 2018). However, it is clear from the letter filed with Defendants' memorandum the only change was an addition of citations to portions of affidavits. *Compare* ECF No. 35-1 (containing citations to "¶x" in affidavit cites), with ECF No. 109 (providing paragraph citations). The court has compared the two filings and finds them substantively identical. Therefore, Plaintiff suffered no harm when the Report was issued five days after the new memorandum in support of summary judgment was received: there was no new argument or substantive content to which he could respond.

7

### g. *Subject Matter Jurisdiction*

Finally, Plaintiff disagrees his claims support federal question jurisdiction. However, he raises claims under §§ 1983, 1985, and 1986, which are unquestionably federal statutes. He also alleges violation of constitutional rights. Nowhere in his objections does he reveal an intent to drop his federal claims, instead arguing the merits and attempting to advance the claims. *See* ECF No. 109 at 4-6 (arguing the merits of his §§ 1985 and 1986 claims, qualified immunity, and claims under the Eighth Amendment). Therefore, it is clear this court has subject matter jurisdiction over the federal claims and supplemental jurisdiction over the state law claims.

### h. *Plaintiff's Objections to Defendants' Reply*

Plaintiff filed objections to Defendants' reply on March 13, 2018. ECF No. 115. The first three objections mentioned are covered above; however, Plaintiff also appears to assert he was never sent a response to his written objections. Plaintiff argues this "shows a conflict of authority being personal bias, and that the Magistrate Judge is in coherent [sic] with the Defendants." *Id.* at 2. Plaintiff appears to argue the Magistrate Judge and Defendants' attorneys are "working together" and Defendants are opening his mail "which is a federal law that the Magistrate Judge failed to acknowledge." *Id.*

The court notes Defendants' reply to Plaintiff's objections included a certificate of service, which indicated the reply was sent to Plaintiff on March 2, 2018 at Correct Care of SC. ECF No. 111-1. The Magistrate Judge was not involved in sending the reply to Plaintiff; therefore, Plaintiff's lack of receipt does not show any conflict or bias by the Magistrate Judge. Similarly, Defendants' alleged opening of Plaintiff's mail has no bearing on the Magistrate

Judge's involvement in this case and further, Plaintiff has produced no evidence that Defendants improperly opened his mail.  This objection is overruled.

## III.    CONCLUSION

Having conducted a *de novo* review of the Report and underlying motions and related memoranda, and having fully considered Plaintiff's objections, the court adopts the Report. The Report, therefore, is adopted and incorporated by reference, as supplemented in this order. Defendants' motion for summary judgment (ECF No. 35) is granted.  This matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina<br>
March 15, 2018